IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAVONTE R. LACY,                                    )
                                                    )        Case No. 1:21-cv-00948
            Petitioner,                             )
                                                    )        Judge Dan Aaron Polster
v.                                                  )
                                                    )        OPINION & ORDER
WARDEN DOUGLAS FENDER,                              )
                                                    )
            Respondent.                             )

In November 2017, an Ashtabula County Court of Common Pleas jury convicted the

Petitioner, Javonte R. Lacy ("Lacy" or "Petitioner"), of two felony counts of drug trafficking.

The court sentenced him to eight years in prison, and he now resides in the Lake Erie

Correctional Institution in Conneaut, Ohio.  After several post-conviction motions and appeals to

the trial court, Ohio Court of Appeals, and Supreme Court of Ohio, Lacy now petitions this

Court for a writ of habeas corpus under 28 U.S.C. § 2254.  Lacy asserts four grounds for relief.

In the report and recommendation, Magistrate Judge James E. Grimes Jr. ("Magistrate Judge")

recommends that the Court deny Lacy's petition.  Lacy filed four objections to the report and

recommendation.  For the following reasons, the Court ADOPTS the report and recommendation

and DECLINES to grant a certificate of appealability.  The Court OVERRULES Lacy's

objections, DENIES his request for an evidentiary hearing, and DISMISSES his habeas petition.

Background

In 2016, Lacy sold heroin on two occasions to a confidential informant who was working

with local law enforcement and wearing an audio recording device.  *State v. Lacy*, 2018-Ohio-

3249, ¶¶ 23, 25 (Ct. App.).  In March 2017, a grand jury indicted Lacy for two counts of

trafficking in heroin.  ECF Doc. 7-1, pp. 5-7 (Exhibit 1).  In November 2017, Lacy's case went

1

to trial before the Ashtabula County Court of Common Pleas, and the jury convicted him on both counts. *Id.* at pp. 14-15 (Exhibit 4).

At trial, the informant testified that he met Lacy about a year before the controlled buys and called him on the phone to arrange the purchases. *State v. Lacy*, 2018-Ohio-3249, at ¶ 24. The informant testified that during the first controlled buy, he and Lacy were alone at the home where the transaction occurred, but Lacy did call his brother, Jonah, to discuss the drug's price. *Id.* at ¶ 25. Additionally, he stated that during the second controlled buy, Lacy and Jonah were both present at the home when Lacy sold him heroin. *Id.* at ¶ 27. At trial, the law enforcement officer who monitored both controlled buys testified that the seller's voice was the same on both occasions. *Id.* Lastly, the Petitioner's mother testified that Lacy's brother, Jonah, lived at the residence where the controlled buys occurred, but Lacy did not live there. *Id.* at ¶ 28. She admitted that Lacy did breed dogs at the home. *Id.* Jonah did not testify at Lacy's trial. *Id.* at ¶ 18.

Procedural History

Two weeks after his conviction, Lacy retained new defense counsel and filed a motion for a new trial. ECF Doc. 7-1, pp. 17-33 (Exhibit 5). Lacy argued that his trial counsel had a conflict of interest because he also represented his brother, Jonah, in an unrelated criminal matter. *Id.* Lacy contended that his brother was prepared to testify that he, not Lacy, sold the heroin to the confidential informant, and that his attorney's decision not to call Jonah as a witness constituted ineffective assistance of counsel. *Id.* Additionally, Lacy argued that the trial court should have excluded the Ohio Bureau of Criminal Investigation's toxicology report because the state failed to establish a chain of custody for the narcotics and the lab used questionable practices. *Id.* The trial court overruled Lacy's motion for a new trial and denied his

subsequent motion for reconsideration and an evidentiary hearing.  *Id.* at pp. 52-61 (Exhibits 7-9).

In January 2018, the trial court sentenced Lacy to eight years in prison.  *Id.* at pp. 67-69 (Exhibit 12).  Lacy appealed to the Eleventh District Court of Appeals and raised two assignments of error that mirrored those raised in his post-conviction motions before the trial court.  *Id.* at pp. 81-104 (Exhibit 14).  In August 2018, the Eleventh District Court of Appeals affirmed the trial court's judgment.  *Id.* at pp. 129-41 (Exhibit 16).  Lacy appealed to the Supreme Court of Ohio and asserted the following propositions of law:

> I. The trial court erred by overruling defendant-appellant's Motion for New Trial without conducting an evidentiary hearing because his trial counsel labored under an actual conflict of interest, which deprived defendant-appellant his Sixth Amendment right to the effective assistance of counsel, free from conflicts.
>
> II. The trial court erred by overruling Mr. Lacy's Motion for New Trial and in failing to exclude toxicology results that were produced by questionable practices and lacked sufficient evidence to establish a chain of custody linking each time the alleged narcotics were tested.

*Id.* at pp. 143-63 (Exhibits 17, 18).  In December 2018, the Supreme Court of Ohio declined to accept jurisdiction of Lacy's appeal.  *Id.* at p. 165 (Exhibit 19).

In April 2019, Lacy filed a *pro se* petition before the trial court to vacate or set aside the court's judgment of conviction or sentence.  *Id.* at pp. 167-252 (Exhibits 20, 21).  The following month, the trial court overruled Lacy's petition, finding that the doctrine of res judicata barred it because Lacy previously raised or could have raised these issues on direct appeal or in his motion for a new trial.  *Id.* at pp. 274-76 (Exhibit 24).  Lacy, through counsel, appealed to the Eleventh District Court of Appeals.  *Id.* at pp. 278-304 (Exhibits 25, 26).  In April 2020, the court affirmed the trial court's judgement.  *Id.* at pp. 323-35 (Exhibit 28).  The Ohio Court of Appeals held that "the doctrine of res judicata barred the relitigation of this issue in his

3

postconviction petition" because Lacy previously litigated his conflict of interest claim in his

motion for new trial, which the court had rejected on the merits.  *State v. Lacy*, 2020-Ohio-1556,

¶¶ 31-34 (Ct. App.).  Additionally, the court found there was no new information in the affidavits

Lacy submitted that was not available or could have been raised in Lacy's prior motion for a new

trial or on direct appeal.  *Id.*  For the same reasons, and because Lacy did not establish an actual

conflict of interest, the court found that an evidentiary hearing was not warranted.  *Id.* at ¶¶ 38-

47.  In June 2020, Lacy appealed to the Supreme Court of Ohio; and in August 2020, the court

declined to accept jurisdiction of his appeal.  ECF Doc. 7-1, pp. 337-58 (Exhibits 29, 30, 31).

Habeas Corpus Petition

On May 7, 2021, Lacy, through counsel, filed a habeas corpus petition under 28 U.S.C.

§ 2254, which is the subject of this opinion and order.  ECF Doc. 1.  Lacy asserts four grounds

for relief: (1) Petitioner was denied his Sixth Amendment Constitutional right to effective

assistance of counsel because of defense counsel's actual conflict of interest; (2) the trial court

erred by overruling his post-conviction motion for a new trial and by failing to exclude

toxicology results produced by questionable practices and a lack of chain of custody; (3) the trial

court abused its discretion in applying the doctrine of res judicata to his petition for post-

conviction relief in violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights; and

(4) the trial court erred in denying his petition for post-conviction relief where he presented

sufficient evidence to merit an evidentiary hearing.  *Id.*

On October 21, 2022, the Respondent, Warden Douglas Fender, filed a return of writ.

ECF Doc. 7.  On January 19, 2023, the Petitioner filed his traverse.  ECF Doc. 10.  On June 1,

2023, the Magistrate Judge filed his report and recommendation.  ECF Doc. 11.  The Petitioner

requested an extension of time and submitted his objections to the report and recommendation on

4

June 29, 2023.  ECF Doc. 13.  Lacy asserts four objections to the report and recommendation.
*Id.*

## Standard of Review and Analysis

The Court has reviewed the report and recommendation in its entirety.  The Court

specifically adopts the report and recommendation's Legal Standard and Discussion sections that

thoroughly detail, analyze, and recommend denying Lacy's four grounds for relief.  ECF Doc.

11, pp. 8-37.  Accordingly, for judicial economy, the Court's analysis will focus on the

Petitioner's objections to the report and recommendation.  ECF Doc. 13.

The Court reviews de novo those portions of the report and recommendation to which

Lacy objected.  28 U.S.C. § 636(b)(1)(C).  A petitioner's objections should be specific and

identify the basis for objecting.  Fed. R. Civ. P. 72(b)(3); L. R. 72.3 (b).  They should not be

"vague, general, or conclusory."  *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).  After

review, the Court "may accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P.

72(b)(3).

## Lacy's Objections

Lacy asserts four objections to the report and recommendation.  ECF Doc. 13.  First,

Lacy challenges the report's finding that his first ground for relief fails on the merits.  ECF Doc.

13, pp. 3-6.  He recounts the "unique circumstances" of his case that merit relief, and he raises

virtually the same "supporting facts"[1] contained in his petition and traverse that the Magistrate

---

[1] "Supporting facts: Trial counsel represented both Petitioner and his brother, Jonah Lacy, simultaneously. A conflict of interest was created when Petitioner assigned guilt for the crimes to his brother who was not a listed party. Petitioner's brother also paid the attorney fees for Petitioner. Due to counsel's dual representation of Petitioner and his brother, Petitioner's claim of innocence and blame on brother was never pursued and counsel's conflict of interest denied him effective assistance of counsel." ECF Doc. 11, p. 8.

5

Judge referenced in the report.  ECF Doc. 13, p. 3; Doc. 11, p. 8.  Additionally, he disputes the

Magistrate Judge's determination that any testimony from Lacy's brother would have had little

impact on the case's outcome.  ECF Doc. 13, p. 4.  Rather, he contends that the issue of

ownership of the drugs was "central" to the case; that the jury should have been able to come to

its own conclusions on this matter; and that "preventing" Lacy's brother from claiming

ownership of the drugs "directly impacted the outcome of the trial."  *Id.* at pp. 3-4.

Lacy's first objection is not a proper objection because it fails to "pinpoint" portions of

the report and recommendation that the Court should specially consider.  *Mira v. Marshall*, 806

F.2d 636, 637 (6th Cir. 1986).  Additionally, he fails to "alert the Court to alleged errors,"

deficiencies, or inaccuracies in the report's analysis.  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747

(E.D. Mich. 2004).  Instead, Lacy dedicates nearly three pages to rehashing old arguments and

disputing the report's conclusion that he failed to satisfy the *Strickland* standard[2] and that his

first ground for relief fails on the merits.  ECF Doc. 13, pp. 3-6.

The Court concurs with the Magistrate Judge's analysis and conclusion that Lacy's first

ground for relief fails on the merits.  Lacy raised this conflict of interest and ineffective

assistance of counsel argument, or a similar variation thereof, three times before the trial court in

post-conviction proceedings, twice before the Ohio Court of Appeals, and twice before the

Supreme Court of Ohio.  ECF Doc. 7-1 (Exhibits 5, 8, 14, 18, 20, 26, 30).  On each occasion, a

judge or a panel of judges rejected Lacy's arguments.  The Magistrate Judge thoroughly detailed

these prior occasions and the state courts' rationale, correctly analyzed Lacy's arguments under

the governing *Strickland* standard, and properly concluded that they did not merit relief.  ECF

Doc. 11, pp. 14-29.  Therefore, the Court overrules Lacy's first objection.

---

[2] To prove ineffective assistance of counsel, "Lacy must prove that trial counsel's performance was deficient and that he was prejudiced as a result."  ECF Doc. 11, p. 15 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Second, Lacy challenges the report's finding that his second ground for relief fails on the merits.  ECF Doc. 13, pp. 6-9.  Lacy asserts that the "clear lack of consistency" and the "breakdown" in the chain of custody of the drug evidence, together with the adverse results of a 2016 internal investigation of the Ohio Bureau of Criminal Investigation, "compounded" the reliability, veracity, and legitimacy troubles of the government's toxicology evidence and warranted its exclusion at trial.  *Id.*

Lacy's second objection is not a proper objection because he does not "pinpoint" specific portions of the report that are erroneous, inaccurate, or deficient.  *See Mira v. Marshall*, 806 F.2d at 637; *see also Aldrich v. Bock*, 327 F. Supp. 2d at 747.  Instead, he generally recounts arguments that are nearly identical to those that the Magistrate Judge already considered and referenced in the report and recommendation as "supporting facts."[3]  ECF Doc. 11, p. 8.  The Court concurs with the Magistrate Judge's analysis and conclusion that Lacy's second ground for relief fails on the merits.  Therefore, the Court overrules Lacy's second objection.

Lastly, Lacy's third and fourth objections challenge the report's findings that his third and fourth grounds for relief are not cognizable under 28 U.S.C. § 2254.  ECF Doc. 13, pp. 9-10.  Like his first and second objections, Lacy's third and fourth objections are improper because they do not allege specific errors, deficiencies, or inaccuracies in the report's analysis; instead, they simply disagree with the Magistrate Judge's ultimate conclusions.

Grounds three and four for relief involve the trial court's rulings in Lacy's post-conviction petition.  ECF Doc. 1, pp. 8, 10.  In ground three for relief, Lacy argues that the trial court erred when it held that the doctrine of res judicata barred Lacy's ineffective assistance of

---

[3] "Supporting facts: The drugs tested in this matter were tested by two forensic scientists who were either suspended and retrained or fired after a BCI investigation improper documentation of drugs they were testing. Additionally, there was no chain of custody established for the drugs in this matter. Accordingly, the test results should have been excluded at the trial of this matter."  ECF Doc. 11, p. 8.

7

trial counsel claim.  *Id.* at p. 8.  And in ground four for relief, Lacy argues that the trial court

erred when it rejected his request for an evidentiary hearing.  *Id.* at p. 10.  The Court concurs

with the Magistrate Judge's analysis that the Sixth Circuit "has consistently held that errors in

post-conviction proceedings are outside the scope of federal habeas corpus review."  *Cress v.*

*Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (citing *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir.

2002) and *Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986)); *see Leonard v. Warden, Ohio*

*State Penitentiary*, 846 F.3d 832, 854 (6th Cir. 2017).  In conducting habeas review, this Court

does not "reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502

U.S. 62, 68 (1991); *see Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus

relief does not lie for errors of state law.").  Rather, this Court "is limited to deciding whether a

conviction violated the Constitution, laws, or treaties of the United States."  *Estelle*, 502 U.S. at

68.  Therefore, the Court agrees with the Magistrate Judge's conclusion that neither Lacy's third

nor fourth ground for relief is cognizable under federal habeas review.  Accordingly, the Court

overrules Lacy's third and fourth objections.

Finally, Lacy asks this Court to hold an evidentiary hearing "so that evidence can be

presented in person."  ECF Doc. 10, p. 18.  Lacy does not explain why presenting the evidence in

person would yield a different result.  Accordingly, the Court denies his request for an

evidentiary hearing.

Certificate of Appealability

The Court may only issue a certificate of appealability "if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Lacy "must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional

8

claim debatable or wrong" before receiving a certificate of appealability.  *Slack v. McDaniel*, 529

U.S. 473, 484 (2000).

A certificate of appealability is unwarranted here because Lacy has not demonstrated a

substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to

grant a certificate of appealability.

Conclusion

The Petitioner's grounds for relief fail on the merits or are not cognizable under 28

U.S.C. § 2254.  Lacy's objections are improper as they fail to identify specific legal bases,

inaccuracies, or deficiencies in the report and recommendation.  Therefore, Lacy does not merit

habeas relief.  Accordingly, the Court ADOPTS the report and recommendation and DECLINES

to grant a certificate of appealability.  The Court OVERRULES Lacy's objections, DENIES his

request for an evidentiary hearing, and DISMISSES his habeas petition.

IT IS SO ORDERED.

Date: July 27, 2023

> */s/ Dan Aaron Polster*
> Dan Aaron Polster
> United States District Judge

9